THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 12-cr-00178-RBJ-01

UNITED STATES OF AMERICA,

       Plaintiff,

v.

PETER VINCENT CAPRA,

       Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION FOR AN ENDS OF JUSTICE DELAY PURSUANT TO 18 U.S.C. §§ 3161(h)(7)(A) AND (B)(ii) AND REQUEST TO VACATE ORDER SCHEDULING NOVEMBER 15, 2012 HEARING**

---

Upon consideration of Defendant Peter Vincent Capra's Motion for an Ends of Justice Delay Pursuant to 18 U.S.C. §§3161(h)(7)(A) and (B)(ii), the Court finds that:

1. Pursuant to this Court's Order entered July 10, 2012, the Court determined that cause existed for an ends of justice exclusion of the speedy trial calculations and scheduled the current trial date of January 2, 2013. The Court also granted Mr. Capra's request to declare this case complex.

2. Although Mr. Capra originally retained private counsel, on October 1, 2012, the Court appointed undersigned as CJA counsel.

3. The defense asserts it needs time to properly investigate the Government's allegations and to prepare for trial.

4. In determining whether to grant an "ends of justice" continuance under §3161(h)(7)(A), the Court has considered, among other factors, each of the following factors set forth in §3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for trial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(B)(i) - (iv).

5. The Court finds that, assuming the exercise of due diligence by the defendant's newly appointed counsel, it will take new counsel at least 80 days from the filing of the motion to review, analyze and organize the discovery, at least 45 days thereafter to locate and interview witnesses, at least 30 days therefrom to prepare pretrial motions, and then at least 175 days to identify, retain and obtain opinions of experts and to otherwise prepare for trial. The Court further finds that these activities are reasonable and necessary for effective preparation of a defense in this case.

6. Section 3161(h)(7)(B)(ii) applies here, and the failure to grant the requested continuance on the basis of §3161(h)(7)(B)(ii) also implicates §3161(h)(7)(B)(i), in that the failure to grant the requested continuance will likely result in a miscarriage of justice.

7. The Court has weighed the interests of the public and Mr. Capra to a speedy trial against Mr. Capra's need for a continuance for the reasons set forth herein, consistent with the requirements of 18 U.S.C. §3161(h)(7)(A) and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007), *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010) and *Bloate v. United States*, 130 S.Ct. 1345 (2010).

8. The Court concludes that the ends of justice served by excluding additional time from January 2, 2013 up to and including September 30, 2013 from the speedy trial calculations outweigh the best interest of the public and Mr. Capra in a speedy trial. The Court finds specifically that this additional exclusion is necessary in order for the defense to investigate the case, complete discovery, prepare and respond to motions, and prepare for trial as described in the defendant's motion at paragraph 6 and previously in this Order.

9. The Court finds that requiring Mr. Capra to go to trial within the existing speedy trial time plus the presently excluded days will make it difficult for Mr. Capra to adequately prepare, and that it is unreasonable for the Court to force Mr. Capra to prepare by the presently scheduled trial date.

Accordingly, it is ORDERED that:

1. The unopposed motion for an ends of justice delay pursuant to 18 U.S.C. §3161(h)(7)(A) and (B)(ii) is GRANTED and the additional time period up to and including September 30, 2013 is excluded from speedy trial calculations;

2. Motions shall be filed no later than August 9, 2013; responses to motions are due August 23, 2013, and any replies are due August 30, 2013;

3. A motions hearing shall be held on Wednesday, September 4, 2013 at 9:00 a.m. before the Honorable Judge R. Brooke Jackson in Courtroom A-902, Ninth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

4. A trial preparation conference shall be held on Tuesday, September 10, 2013 at 1:00 p.m. before the Honorable Judge R. Brooke Jackson in Courtroom A-902, Ninth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

5. A three-week jury trial is set for September 23, 2013 at 8:30 a.m. before the Honorable Judge R. Brooke Jackson in Courtroom A-902, Ninth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

Dated this 28th day of November, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge